UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNDER SEAL,
Plaintiff-Appellant,

v.                                                                No. 00-1191

UNDER SEAL; UNDER SEAL,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-99-679-5-BR)

Submitted: August 15, 2000

Decided: September 14, 2000

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Under Seal, Appellant Pro Se. Brian Edward Clemmons, YOUNG,
MOORE & HENDERSON, P.A., Raleigh, North Carolina, for Appel-
lees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant appeals from the dismissal of his complaint for lack of subject matter jurisdiction. The district court sealed the record on motion of the Defendants. Appellant has filed a motion in this court to unseal the record. Appellees have moved to continue the seal on appeal. We affirm the dismissal of the complaint; however, we remand to the district court for reconsideration of the motion to seal.

Defendants are domiciliaries of North Carolina. Appellant contends that, while incarcerated in North Carolina, he manifested an intention to change his domicile to Pennsylvania. Thus, although Appellant was domiciled in North Carolina prior to his incarceration and was incarcerated in North Carolina at the time he filed his complaint, he asserts that his intention to live in Pennsylvania upon his release was sufficient to change his domicile. However, a change in domicile requires a concurrence of physical presence at the new place and the intention to remain. See Scoggins v. Pollock, 727 F.2d 1025, 1026 (11th Cir. 1984). Because Appellant was not physically present in Pennsylvania at the time he asserts his domicile was changed, his argument fails. See Honneus v. Donovan, 93 F.R.D. 433, 435 (D. Mass. 1982). Thus, since all parties were domiciliaries of North Carolina, the district court properly found that there was no diversity jurisdiction.

We turn now to the opposing motions to continue the seal and to unseal the record. The right of access to judicial records is protected both by common law and by the First Amendment. The common law presumes a right to inspect and copy judicial records and documents. See Nixon v. Warner Communications, 435 U.S. 589, 597 (1978). This presumption may be overcome if competing interests outweigh the interest in access. See Rushford v. New Yorker Magazine, 846 F.2d 249, 253 (4th Cir. 1988). Where the First Amendment guarantees access, access may be denied only on the basis of a compelling governmental interest and only if the denial is narrowly tailored to serve that interest. See id.

Because the First Amendment and the common law provide different levels of protection, it is necessary for the district court to deter-

2

mine the source of the public's right to access before a claim may be evaluated. See Stone v. University of Maryland , 855 F.2d 178, 180 (4th Cir. 1988). In addition, varying levels of protection may attach to the different records and documents involved in a particular case. While the common law presumption in favor of access attaches to all "judicial records and documents," see Nixon, 435 U.S. at 597, the First Amendment's heightened guarantee of access has been extended only to particular judicial records and documents. See Stone, 855 F.2d at 180-81 (recognizing First Amendment considerations have been applied to documents filed regarding summary judgment, plea hearings, and sentencing hearings).

In Stone, we required that a district court order sealing the record must state the reasons for its entry and must support these reasons with specific findings. In so doing, the court should determine the source of the right of access with respect to each document sealed and then weigh the competing interests at stake. The court must also give public notice of a request to seal and a reasonable opportunity to challenge it. At the very least, the court must docket the motion "reasonably in advance of deciding the issue." Finally, the court must consider less drastic alternatives to sealing and, if it decides to seal the record, the reasons for rejecting the alternatives must be provided. See id. at 181.

Here, the district court's order failed to state whether its decision was based on the common law or the First Amendment, and the court sealed the record without indicating exactly what the record contained. In addition, the court sealed the record in advance of its decision on the motion to seal, only three days after the motion had been entered on the docket, making it unclear whether the requisite public notice was given. Finally, because the district court provided no reasoning at all, it is impossible to determine whether the district court properly considered alternatives to sealing and balanced the competing interests.

The district court is now ordered to review the motion to seal in accordance with the mandatory procedure outlined in Stone. Thus, although we affirm the dismissal of Appellant's complaint and deny Appellant's motion for counsel, we remand the case for further proceedings consistent with this opinion. We dispense with oral argu-

3

ment, because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED AND REMANDED</u>

4

u